The Honorable James L. Robart

Anne Marie Tavella, WSBA #41335
Jonathan DeMella, WSBA #36081
Davis Wright Tremaine LLP
188 W. Northern Lights Blvd, Ste. 1100
Anchorage, Alaska 99503
Telephone: 907-257-5345
Facsimile: 9074-257-5399

*Attorneys for Cherokee General Corporation and Hartford Fire Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of PINNACLE CRUSHING & CONSTRUCTION, LLC a Washington limited liability company, | No. 2:17-cv-01908-JLR |
| Plaintiffs, | STIPULATED PROTECTIVE ORDER |
| vs. | |
| HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation, | |
| Defendant. | |
| UNITED STATES OF AMERICA, for the Use and Benefit of SCI INFRASTRUCTURE LLC; and SCI INFRASTRUCTURE LLC, a Washington limited liability company, | |
| Plaintiffs, | |
| vs. | |
| CHEROKEE GENERAL CORPORATION, an Oregon corporation; and HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation, | |
| Defendants. | |

STIPULATED PROTECTIVE ORDER - 1
Case No. 2:17-cv-01908-JLR

4810-5960-8441v.1 0105126-000003

# STIPULATED PROTECTIVE ORDER

1. ## PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. ## PROTECTED MATERIAL – "CONFIDENTIAL" AND "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

"Protected Material" includes both "Confidential" material and "Confidential – Attorneys' Eyes Only" material.

"Confidential" materials shall include the following documents and tangible things produced or otherwise exchanged:

    a) the financial books and records of the producing party and information pertaining to those financial books and records;

    b) information about the revenues, costs, expenses, profits and losses of the producing party;

    c) information about the producing party's short- and long-term business plans;

    d) confidential information that the producing party has regarding its customers, competitors, suppliers, vendors, and subcontractors;

STIPULATED PROTECTIVE ORDER - 2
Case No. 2:17-cv-01908-JLR
4810-5960-8441v.1 0105126-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

e) any information related to the producing party's budgets, estimates, bid documents, related to the construction project that is the subject of this lawsuit;

f) any information that the producing party is obligated by contract or state or federal law to keep confidential;

g) any other information the producing party's business competitors could use to obtain a business or legal advantage over the producing party; and

h) tax, accounting, or financial information.

"Confidential-Attorneys' Eyes Only" material shall include all or any part of any Confidential material, the disclosure of which to another party or non-party entity, in the view of the designating party, would create a substantial risk of serious harm that could not be avoided by less restrictive means.

By designating materials as "Confidential-Attorneys' Eyes Only," the designating parties and their respective counsel represent that they have a good faith belief that the materials so designated are not only Confidential but also contain extremely sensitive and confidential proprietary, commercial, or personal information, including, without limitation, pricing and contract information, trade secret, and/or competitively sensitive commercial information relating to a party or third parties that could be used to the direct and material detriment of the designating party or any third party not involved in this litigation.

3. <u>SCOPE</u>

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

STIPULATED PROTECTIVE ORDER - 3
Case No. 2:17-cv-01908-JLR

4810-5960-8441v.1 0105126-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF "CONFIDENTIAL" AND "CONFIDENTIAL-ATTORNEYS' EYES ONLY" MATERIAL

4.1 Basic Principles. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "Protected Material" or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Protected Material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

STIPULATED PROTECTIVE ORDER - 4
Case No. 2:17-cv-01908-JLR

4810-5960-8441v.1 0105126-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Disclosure of "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any <u>CONFIDENTIAL-ATTORNEYS' EYES ONLY</u> information or items only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation, with the understanding that all such employees are bound by the terms of this Order with respect to such <u>CONFIDENTIAL-ATTORNEYS' EYES ONLY material</u>;

(b) for a corporate party, in-house counsel of the receiving party to whom disclosure is reasonably necessary for this litigation, with the understanding that such in-house

STIPULATED PROTECTIVE ORDER - 5
Case No. 2:17-cv-01908-JLR

4810-5960-8441v.1 0105126-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

counsel is bound by the terms of this Protective Order with respect to such Confidential-Attorneys' Eyes Only material;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of CONFIDENTIAL-ATTORNEYS' EYES ONLY material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any CONFIDENTIAL-ATTORNEYS' EYES ONLY material to third parties and to immediately return all originals and copies of any CONFIDENTIAL-ATTORNEYS' EYES ONLY material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal CONFIDENTIAL-ATTORNEYS' EYES ONLY material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.4   Filing Protected Material. Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the

STIPULATED PROTECTIVE ORDER - 6
Case No. 2:17-cv-01908-JLR

4810-5960-8441v.1 0105126-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

standards that will be applied when a party seeks permission from the court to file material under seal.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

STIPULATED PROTECTIVE ORDER - 7
Case No. 2:17-cv-01908-JLR

4810-5960-8441v.1 0105126-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

the designating party must affix the word "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as protected. If a party or non-party desires to protect Protected Material at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

STIPULATED PROTECTIVE ORDER - 8
Case No. 2:17-cv-01908-JLR

4810-5960-8441v.1 0105126-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

   6.1   Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   6.2   Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

   6.3   Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as protected until the court rules on the challenge.

STIPULATED PROTECTIVE ORDER - 9
Case No. 2:17-cv-01908-JLR

4810-5960-8441v.1 0105126-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

STIPULATED PROTECTIVE ORDER - 10
Case No. 2:17-cv-01908-JLR

4810-5960-8441v.1 0105126-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Protected Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

STIPULATED PROTECTIVE ORDER - 11
Case No. 2:17-cv-01908-JLR

4810-5960-8441v.1 0105126-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: November 15, 2018

/s Brian Guthrie
Ashbaugh Beal
Attorneys for SCI Infrastructure, LLC

DATED: November 15, 2018

/s David Burkett
David Burkett
Attorney for Pinnacle Crushing and Construction, LLC

DATED: November 15, 2018

/s Anne Marie Tavella
Davis Wright Tremaine LLP
Attorneys for Cherokee General Corporation and Hartford Fire Insurance Company

STIPULATED PROTECTIVE ORDER - 12
Case No. 2:17-cv-01908-JLR
4810-5960-8441v.1 0105126-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that, pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: November 15, 2018



The Honorable James Robart
United States District Court Judge

STIPULATED PROTECTIVE ORDER - 13
Case No. 2:17-cv-01908-JLR

4810-5960-8441v.1 0105126-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of *United States ex rel. Pinnacle Crushing & Construction, LLC, et al. v. Hartford Fire Insurance Company, et al.*, No. 2:17-cv-01908-JLR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 14
Case No. 2:17-cv-01908-JLR

4810-5960-8441v.1 0105126-000003

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax